**Joseph Roshdy ATTIA GIRGIS; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71780.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.[*]

Filed Aug. 30, 2007.

John Stephen Glaser, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Brooke M. Maurer, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

**MEMORANDUM** [**]

Joseph Roshdy Attia Girgis and Hanan Bagih Samuel, husband and wife, are natives and citizens of Egypt. They petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gafoor v. INS*, 231 F.3d 645, 650 (9th Cir.2000), and we grant the petition in part, dismiss it in part, and remand.

Substantial evidence does not support the BIA's finding that the harm Girgis suffered did not rise to the level of past persecution because the BIA considered only the harm inflicted by private individuals, and not the detention and physical harm inflicted by the State Security officers. Accordingly, we remand Girgis' asylum and withholding of removal claims for further proceedings consistent with this

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We lack jurisdiction over Girgis' CAT claim because he failed to exhaust it before BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 930–31 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part, and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.